# BURSOR & FISHER
## P.A.

888 SEVENTH AVENUE
NEW YORK, NY 10019
www.bursor.com

PHILIP L. FRAIETTA
Tel: 646.837.7150
Fax: 212.989.9163
pfraietta@bursor.com

October 27, 2020

*By ECF*

The Honorable Vincent L. Briccetti
U.S. District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Re:  *Thomas, et al. v. Mercy College*, Case No. 7:20-cv-03584-VB (S.D.N.Y.)

Dear Judge Briccetti:

      I represent the Plaintiffs in the above-referenced action. I write pursuant to Rules 1.B, 1.G, and 2 of your Honor's Individual Practices to request a conference on Plaintiffs' forthcoming Motion to Amend the First Amended Complaint. Defendant will not consent to the filing of a Second Amended Complaint. Should leave to amend be denied, then Plaintiffs respectfully request that their deadline to oppose Defendant's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (ECF No. 24) be extended until two weeks after the Court's decision on Plaintiffs' Motion to Amend. Defendant does not oppose this requested extension of time.

**Plaintiffs Should Be Given Leave To File A Second Amended Complaint**

      On October 16, 2020, the Court held an initial scheduling conference pursuant to Rule 16(c) in this matter. At that conference, Defendant informed the Court that it intended to make a motion for judgment on the pleadings pursuant to Rule 12(c) later that same day. The Court then informed the Parties of its general practice to allow Plaintiffs an opportunity to amend to cure the purported defects asserted in the motion, or to stand on their operative complaint and oppose the motion. The Court cautioned that should Plaintiffs stand on their operative complaint and oppose the motion, leave to amend would probably not be granted to cure any deficiencies. Plaintiffs' counsel responded that we would evaluate the Rule 12(c) motion, but that to the extent it challenged Plaintiff Vazquez's standing based on her purported lack of damages, Plaintiffs would amend to substitute a new named plaintiff.

      After receiving Defendant's Rule 12(c) motion, Plaintiffs' counsel analyzed the motion to determine whether an amended complaint would be prudent. As anticipated, Defendant's motion challenges Plaintiff Vazquez's standing because she allegedly "did not pay any 'out of pocket' money for the 2020 Spring semester," and "because pursuant to the CARES Act those students, like Plaintiff Vazquez, that withdrew at any time before the end of the Spring 2020 semester, had their federal loans forgiven (and Plaintiff Vazquez only had federal loans for the Spring

semester).*"*  ECF No. 25 at 1.  Thus, Plaintiffs determined the prudent course of action was to amend the complaint to remove Ms. Vazquez as a named plaintiff and substitute her with Mr. Noah Zacco.  Unlike Ms. Vazquez, Mr. Zacco paid "out of pocket" money for the Spring 2020 semester and did not have his federal loans forgiven.  *See* Proposed Second Amended Complaint ¶ 20 (attached hereto as Exhibit A).

To that end, on October 24, Plaintiffs' counsel asked Defendant's counsel by email whether Defendant would consent to the filing of a Second Amended Complaint to remove Ms. Vazquez and add Mr. Zacco.  On October 25, Defendant's counsel responded and asked Plaintiffs' counsel to provide a redline of the Proposed Second Amended Complaint.  On October 26, Plaintiffs' counsel provided that redline which showed that the only changes being made to the First Amended Complaint were to remove Ms. Vazquez and add Mr. Zacco.  Later that same day, Defendant's counsel, Mr. Gregory Reilly, called me and informed me that Defendant would likely not agree to the amendment.  I informed Mr. Reilly that Your Honor had instructed Plaintiffs to amend the complaint now, if at all, at the October 16 conference.  Nonetheless, Mr. Reilly confirmed by email that Defendant will not consent to the filing of a Second Amended Complaint.

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  "This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'"  *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  In the class action context, "courts not only may, but *should* … permit[] substitution of a new class representative."  *In re Nat'l Australia Bank Sec. Litig.*, 2006 WL 3844463, at *3 (S.D.N.Y. Nov. 8, 2006) (emphasis in original); *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 5504531, at *1 (S.D.N.Y. Nov. 15, 2017) (permitting amendment to replace named plaintiffs with new plaintiffs in putative class action).  An amendment to add lead plaintiffs is appropriate to protect the interests of putative class members.  *In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 3304605, at *3 (S.D.N.Y. Dec. 7, 2005) (finding that when a "class representative becomes inadequate, substitution of an adequate representative is appropriate to protect the interests of the class"); *D.J. through O.W. v. Connecticut State Bd. of Educ.*, 2019 WL 1499377, at *6 (D. Conn. Apr. 5, 2019) ("[C]ourts have routinely held that adding a new representative is 'appropriate, or even required,' to protect the rights of the proposed class.").  Accordingly, courts routinely grant motions to amend to add additional named plaintiffs, even at the class certification stage.  *See In re Term Commodities Cotton Futures Litig.*, 2018 WL 1737706, at *2, *11 (S.D.N.Y. Feb. 28, 2018) (granting motion to amend to add an additional named plaintiff where one of the named plaintiffs "testified at his deposition that he did not want to be a class representative or lead plaintiff in this case" and the other arguably "lacked standing"); *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96-98 (S.D.N.Y. 2010) (granting motion to amend to add an additional "named plaintiff in order to eliminate certain objections to [plaintiffs'] motion for class certification" and where plaintiffs sought leave to amend "two and a half years after the litigation began").

Here, Plaintiffs seek to add Mr. Zacco in order to protect the interests of the putative class because Defendant has challenged Ms. Vazquez's standing.  If Defendant's challenge is meritorious, Ms. Vazquez will not be an adequate class representative.  Mr. Zacco, however, is not subject to the same unique purported factual defenses that Ms. Vazquez is.  Thus, his

addition to the case will protect the interests of the putative class.

Moreover, Defendant faces no prejudice if an amendment is permitted. The Proposed Second Amended Complaint is almost identical to the First Amended Complaint. The only difference is the addition of Mr. Zacco and removal of Ms. Vazquez. Thus, the vast majority of Defendant's Rule 12(c) arguments will readily transfer to the Proposed Second Amended Complaint, should Defendant seek dismissal of the Proposed Second Amended Complaint as well.

In sum, the Court instructed Plaintiffs that should they wish to amend their operative complaint in response to Defendant's Rule 12(c) motion, they should do so now. Plaintiffs correctly anticipated that Defendant would challenge Ms. Vazquez's standing and now seek to amend their complaint to substitute Mr. Zacco in her place. But Defendant will not consent to this request. Therefore, Plaintiffs have no choice but to burden the Court with motion practice on this issue. In an effort to avoid lengthy briefing, Plaintiffs respectfully request that the Court hold a conference to resolve this matter at its earliest convenience.

**In The Alternative, Plaintiffs Request An Extension Of Time To Oppose Defendant's Rule 12(c) Motion**

In the unlikely event that the Court denies Plaintiffs leave to amend, Plaintiffs respectfully request in the alternative that their deadline to oppose Defendant's Rule 12(c) motion be extended until two weeks after the Court's decision on the motion to amend. On October 27, Defendant's counsel confirmed by email that Defendant does not oppose this request.

Respectfully submitted,

_____/s/ Philip L. Fraietta_____

Philip L. Fraietta

CC:   All counsel of record (via ECF)