UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NICKESHA THOMAS and CINDY                  :
VAZQUEZ, individually and on behalf of all :
others similarly situated,                 :
                Plaintiffs,     :    **MEMORANDUM**
                                :    **OPINION AND ORDER**
v.                                         :
                                :    20 CV 3584 (VB)
MERCY COLLEGE,                             :
                Defendant.      :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiffs Nickesha Thomas and Cindy Vazquez, on behalf of themselves and all others similarly situated, commenced this action against defendant Mercy College on May 7, 2020. On August 31, 2020, defendant filed an answer. Twenty-one days later, plaintiffs filed an amended complaint. Defendant filed an amended answer on October 9, 2020.

    On October 16, 2020, defendant moved for judgment on the pleadings under Rule 12(c). (Doc. #24). Defendant seeks to dismiss the amended complaint on numerous grounds, including that plaintiff Cindy Vazquez lacks standing to bring suit because she suffered no damages. Defendant argues that, because Vazquez withdrew from instruction prior to the end of the Spring 2020 semester, she "did not end up either paying or being indebted for tuition or fees for" the semester at issue in this action. (Doc. #25 at 7).[1]

    Plaintiffs seek leave to amend their complaint to substitute another Mercy College student, Noah Zacco, who allegedly paid "out of pocket" money for the Spring 2020 semester, in place and instead of Vazquez as a named plaintiff. Defendant opposes plaintiffs' request to amend.

---

[1] Unless otherwise indicated, citations to documents filed on the docket or in the record refer to the page numbers automatically assigned by the Court's Electronic Filing System, or "ECF."

1

For the reasons discussed below, plaintiffs' request for leave to amend is GRANTED.

## DISCUSSION

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with [a] strong preference for resolving disputes on the merits." Williams v. Citigroup Inc., 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotations omitted). A court "may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) would prejudice the opposing party or (4) would be futile." Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (original alterations omitted); accord, Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996).

Plaintiffs' request for leave to amend their complaint is granted. There has been no undue delay because plaintiffs sought leave to amend less than two weeks after defendant filed its Rule 12(c) motion. The substitution of Zacco is not in bad faith because it would cure at least one of the deficiencies identified by defendant in the motion. Plaintiffs' proposed amendment is not futile, nor does any prejudice result from the substitution of one plaintiff for another prior to any discovery or any decision on defendant's motion for judgment on the pleadings.

## CONCLUSION

Plaintiffs' request for leave to file a second amended complaint is GRANTED.

Plaintiffs shall separately file the second amended complaint by no later than November 6, 2020.

The Court DENIES WITHOUT PREJUDICE defendant's motion for judgment on the pleadings.

Defendant shall answer, move, or otherwise respond to the second amended complaint within 21 days of its filing.

      The Clerk is instructed to terminate the motions.  (Docs. ##24, 27).

Dated: October 30, 2020
       White Plains, NY

                                    SO ORDERED:

                                    _____
                                    Vincent L. Briccetti
                                    United States District Judge